**Bienvenido DUARTE, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

No. 94–2583.

United States Court of Appeals, Seventh Circuit.

Submitted March 19, 1996.

Decided April 10, 1996.

Bienvenido Duarte (submitted on brief), Loretto, PA, pro se.

Stephen J. Liccione, Office of U.S. Atty., Milwaukee, WI, for U.S.

Before FLAUM, EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

Bienvenido Duarte is serving a sentence of 180 months' imprisonment for distributing cocaine. *United States v. Duarte,* 950 F.2d 1255 (7th Cir.1991), after remand, 1 F.3d 644 (1993). In this collateral attack under 28 U.S.C. § 2255 Duarte contends that his lawyer furnished ineffective assistance. The district court summarily rejected Duarte's petition, stating that because the grounds for doubting his counsel's performance are contained in the trial record, Duarte was obliged to present his contentions on direct appeal. See *Guinan v. United States,* 6 F.3d 468 (7th Cir.1993). Having failed to do that (his appeal concerned the sufficiency of the evidence and a sentencing question), Duarte has for-

feited any entitlement to review under § 2255, the district judge concluded.

Duarte has three principal objections to his lawyer's performance: (i) counsel did not move to suppress evidence (including statements) attributable to a search of the motel room Duarte occupied; (ii) counsel did not arrange for Duarte to have civilian garb in time to prevent his appearance at jury selection dressed in a prison jumpsuit; (iii) counsel did not request a hearing under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), when the prosecutor exercised a peremptory challenge against a Hispanic member of the venire. Certainly Duarte's appellate lawyer knew that his trial lawyer had omitted these steps. For at least two of them, however, the record did not supply any basis for challenge.

Consider the suppression question. The absence of a motion to suppress was clear. But omitting a motion to suppress raises questions about counsel's performance only if there was a basis for that relief. The agents said that they searched the motel room with Duarte's consent. Was there any reason to doubt that he consented? The record did not reveal the answer. Did Duarte give counsel any reason to doubt the agent's explanation? It is not possible to criticize counsel's performance unless Duarte not only had, but also conveyed to his lawyer, some factual basis for filing a motion to suppress.

Duarte's affidavit in this § 2255 proceeding fills out the record. Paragraph 16 of the affidavit avers that "[n]o consent to search was requested. No advice of right to have a lawyer if requested." Paragraph 29 adds:

On June 28, I met my court appointed counsel.... At this interview I let him know all the issues presented in this affidavit related to my case and the events occurred. I asked him for a Motion to Suppress illegal obtained evidence but he told me that it was a waste of time and a futile action since the Judge do not gone believe my testimony but the detectives' testimony.

Paragraphs 30 to 32 state that Duarte presented his lawyer with evidence corroborating his account, but that the lawyer still refused to file a motion to suppress. If these allegations are true (and they are so far untested), they reveal a shocking dereliction of professional responsibility. A lawyer may not dismiss his client as a liar out of hand, without investigation—let alone predict that a judge would fail to make an impartial assessment of evidence presented. It is the defense lawyer's job to be an advocate, not to be the prosecutor's lackey. The district judge did not mention this affidavit or explain how these crucial pieces of information could have been presented on direct appeal.

 Paragraph 33 of Duarte's affidavit contains a similar allegation about the peremptory challenge. Duarte avers that "I requested the inclusion of at least one Spanish juror to counsel but he let me know that it would be impossible since the judge and the prosecutor would do not consent to my request becasuse they did not like Spanish speaking people." The lawyer's assumption that the judge would respond to a motion in a bigoted fashion is unwarranted, and an ironic twist to *Batson*, which is designed to detect and exclude such stereotypes in jury selection. Perhaps this portion of Duarte's affidavit reflects a misunderstanding. Defendants are not entitled to a jury with any particular ethnic composition, so if Duarte was asking counsel to go out and get a Spanish-speaking juror, counsel properly could have answered that the jury selection system does not work like that. See *Holland v. Illinois*, 493 U.S. 474, 482–83, 110 S.Ct. 803, 808–09, 107 L.Ed.2d 905 (1990); *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 701–02, 42 L.Ed.2d 690 (1975). But if, as Duarte's brief says, he wanted his counsel to make a *Batson* objection to a peremptory challenge, then the reasons the lawyer gave for declining are unpardonable. Again this dereliction could not have been demonstrated on direct appeal. (To repeat: the assertions in the affidavit may be bogus, and the lawyer may have had strategic reasons for foregoing an objection even if Duarte's assertions are true. But for current purposes we must assume that Duarte's narration is factual, and the existence of other reasons remains to be determined.)

 Duarte's allegations concerning his appearance in prison garb are less clear. He does not say that he asked counsel to ensure that he appeared in civilian attire. The Supreme Court held in *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), that appearance in prison garb violates the Constitution only if the defendant wanted to be in civilian clothes. One reason for phrasing the right this way is that some defendants may not care, or may believe that it confers a strategic advantage to appear as a captive. A litigant should not be permitted to seek this advantage (if advantage it is), and then set up the same point as a reason for reversal. But as long as it is necessary to hold a hearing on the lawyer's performance concerning the search, confession, and jury selection issues, it is prudent to inquire into this issue too. A claim of ineffective assistance cannot be carved up into little segments. Isolated shortcomings do not make a lawyer ineffective; it is the entire course of the representation that matters. *Strickland v. Washington*, 466 U.S. 668, 689–96, 104 S.Ct. 2052, 2065–69, 80 L.Ed.2d 674 (1984); *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986).

 Even if the prison garb question could have been raised on direct appeal, it would have been a dubious tactic to raise this single issue, divorced from any ability to examine the whole of counsel's work. Presenting a snippet or two is sure to yield adverse decision, which hinders (if it does not preclude) any opportunity to examine the subject on a complete record. *United States v. Taglia*, 922 F.2d 413 (7th Cir.1991). As a consequence, all aspects of a claim of ineffective assistance are open under *Guinan* whenever any important element of the challenge to counsel's performance could not have been presented on the original record. It is proper to raise an ineffective-assistance claim under § 2255 whenever there is "a valid reason for the postponement." *Guinan*, 6 F.3d at 472. The panel in *Guinan* listed several such reasons; we add that a desire to present all contests to an attorney's performance

in a single go is an equally good reason; indeed it is a compelling reason.

One other subject calls for brief attention. Duarte contends that the relevant-conduct provisions of the Sentencing Guidelines are unconstitutional. Whether presented directly or via an attack on counsel, this is going nowhere. See *McMillan v. Pennsylvania*, 477 U.S. 79, 88–90, 106 S.Ct. 2411, 2417–18, 91 L.Ed.2d 67 (1986); *United States v. Trujillo*, 959 F.2d 1377, 1381–82 (7th Cir.1992). This subject is not open on remand, but the district court should inquire carefully into the others.

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.