165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bienvenido DUARTE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-3063.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1998.*
Decided Nov. 20, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 94-C-198 (90-CR-143). Robert W. Warren, Judge.
 Before Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 Order
 
 1
 After a remand, 81 F.3d 75 (1996), the district court dismissed all but one aspect of Bienvenido Duarte's claim that he had received ineffective assistance of counsel. The court then held an evidentiary hearing to inquire whether counsel was ineffective by permitting Duarte to appear before the jury in prison garb during voir dire. After finding that Duarte was mistaken in contending that the jurors saw him in an orange prison jumpsuit, the judge dismissed his collateral attack. The main issue on appeal is whether the judge's finding of fact is clearly erroneous.
 
 
 2
 Duarte contended that he appeared for the start of voir dire in a prison jumpsuit, and that during these proceedings the prosecutor introduced him to the jury and remarked "looks like the defendant is going hunting". The prosecutor testified that Duarte wore a jumpsuit before jury selection began and was sent back to the Marshal's lockup to be dressed in civilian clothes before the jury was brought in, because it would be impossible to persuade the jury that these were hunting rather than prison clothes. The judge concluded that the prosecutor's recollection was superior, because the remark Duarte attributes to the prosecutor does not appear in the transcript of jury selection. Moreover, the judge pointed out, the transcript shows that the judge rather than the prosecutor introduced the defendant to the jury pool. The judge's conclusion, based as it is on testimony firmly supported by the record, cannot be called clearly erroneous.
 
 
 3
 Recognizing that the record in its current state supports the judge's finding, Duarte asks us to remand for a new evidentiary hearing. Duarte sent each juror a letter asserting that he had appeared in prison garb, and one juror's ambiguous response might be understood to reflect agreement with that assertion. Duarte's position encounters two problems beyond the ambiguity in the juror's letter. The first is that this letter is not in the record. The second is that the district court not only appointed counsel to represent Duarte but also authorized the hiring of an investigator to contact the jurors. The investigator located nine of the jurors but reported that none of the nine could recall seeing Duarte in prison garb. The juror whose letter Duarte now seeks to use was among the nine the investigator interviewed, which strongly implies that the contents of the juror's letter are attributable to Duarte's leading language rather than to an independent recollection. At all events, Duarte's lawyer chose not to call the jurors to the stand during the hearing, and Duarte is not entitled to obtain relief by condemning the performance of post-conviction counsel. The district court gave him an ample opportunity to prove his claim, and its order rejecting that claim as factually unfounded is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record to the panel that heard the preceding stage of this collateral attack. See Fed. R.App. P. 34(a); Cir. R. 34(f); Operating Procedure 6