Raymond J. MASTEN, Petitioner–Appellant,

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–3405.

United States Court of Appeals, Seventh Circuit.

Submitted * April 25, 2001.

Decided May 17, 2001.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, and Hon. TERENCE T. EVANS, Circuit Judges.

### ORDER

Petitioner Raymond J. Masten appeals the dismissal of his § 2255 federal habeas corpus petition on the grounds of procedural default. Whether a petitioner has procedurally defaulted a claim on collateral attack is a question of law subject to de novo review by this court. *Braun v. Powell,* 227 F.3d 908, 911–12 (7th Cir.2000). We hold that Masten's ineffective assistance of counsel claims were not procedurally defaulted because they require the consideration of evidence outside the trial record. We therefore reverse the decision of the district court and remand this case for consideration of the merits of Masten's petition.

On September 13, 1996, a federal grand jury issued a nine count indictment against Petitioner–Appellant Raymond J. Masten. The indictment charged Masten with five counts of mail fraud, in violation of 18 U.S.C. § 1341, one count of engaging in a financial transaction in criminally derived property of a value greater than $10,000, in violation of 18 U.S.C. § 1957, and three counts of money laundering, contrary to 18 U.S.C. § 1956(a)(1)(A)(I). All charges stemmed from Masten's perpetration of a "Ponzi" scheme. A jury convicted Masten on three counts of mail fraud and two counts of money laundering and acquitted him of the remaining charges. Masten was sentenced to 60 months imprisonment for the mail fraud convictions to run concurrently with 87 months of imprisonment for the money laundering convictions. He was also sentenced to three years of supervised release and assessed a fine of $1,449,717.

Masten appealed his convictions to this court, arguing only that the evidence presented at trial was insufficient to convict him on the mail fraud and money laundering charges. We affirmed the conviction, finding that "[t]he evidence in the record of Masten's guilt is more than sufficient to sustain his convictions for mail fraud and money laundering." *United States v. Masten,* 170 F.3d 790, 798 (7th Cir.1999).

Approximately one year after his direct appeal was decided, Masten filed a 28 U.S.C. § 2255 federal habeas corpus petition in the United States District Court for the Central District of Illinois. In his *pro se* petition, Masten alleges that he received ineffective assistance of counsel at trial in violation of his rights guaranteed by the Sixth Amendment to the United States Constitution. Masten alleges that his trial counsel's performance was deficient in three ways: (1) Failure to properly interview and investigate potential defense witnesses; (2) failure to properly prepare Masten to testify at trial; and (3) failure to properly prepare a defense expert witness to testify at trial.

Specifically, Masten's petition alleges that he provided his trial attorney with a list of thirty-five (35) potential defense witnesses, none of whom were ever contacted by counsel. The petition goes on to detail the factual basis for Matson's contention that several of these witnesses could have provided testimony helpful to his defense. Masten further alleges that trial counsel did not meet with him to prepare for trial until four days before the trial was to commence, and then only for two hours. Finally, the petition alleges that Masten's trial counsel did not provide the defense expert witness with certain books and records to review prior to testifying, thereby permitting prosecutors to discredit the ex-

512

pert's testimony by making him appear to be unprepared and uniformed regarding crucial facts.

The district court dismissed Masten's petition on the grounds of procedural default, holding that Masten had forfeited his ineffective assistance of counsel argument by not raising it in his direct appeal. The court reasoned that an ineffective assistance claim is defaulted by failure to raise it on direct appeal whenever a defendant is represented by different attorneys at trial and on direct appeal, as Masten was in this case.

In this appeal of the trial court's dismissal of his petition, Masten persuasively argues that the district court misapplied the law of this circuit regarding procedural default. We have consistently held that the failure to raise an ineffective assistance of counsel claim on direct appeal does *not* result in procedural default when *either* of two factors are present: (1) the same lawyer represented the petitioner at trial and on direct appeal; or (2) the nature of the petitioner's ineffective assistance claim requires the examination of evidence *outside the trial record* to evaluate counsel's performance. *Guinan v. U.S.*, 6 F.3d 468, 471 (7th Cir.1993); *Olmstead v. U.S.*, 55 F.3d 316, 320 (7th Cir.1995); *Duarte v. U.S.*, 81 F.3d 75, 76 (7th Cir.1996). With respect to the second factor:

> [T]he justification for allowing claims of ineffective assistance of counsel to be raised for the first time in § 2255 motions is that, in order to be successful, such claims generally require that the record be supplemented with extrinsic evidence that illuminates the attorney's errors.

*McCleese v. U.S.*, 75 F.3d 1174, 1178 (7th Cir.1996)(internal quotation marks omitted).

We conclude that Masten's petition falls within the "extrinsic evidence" exception to the rule of procedural default. His inef-

fective assistance of counsel claim alleges errors on the part of his attorney that could not be properly evaluated solely on the basis of the trial record. If there is any substance to Masten's claims, the supporting evidence must come largely from communications and conduct that occurred outside the purview of the trial record. For this reason, Masten's ineffective assistance claim was not procedurally defaulted by the failure to raise it on direct appeal, and the district court's contrary conclusion was erroneous.

We therefore REVERSE the decision of the district court and REMAND this case for an evidentiary hearing on the merits of Masten's petition.

REVERSED AND REMANDED.