# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-2044

PHILIP DUCATO,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CV 6663—**Blanche M. Manning**, *Judge.*

ARGUED NOVEMBER 13, 2002—DECIDED DECEMBER 18, 2002

Before POSNER, COFFEY, and MANION, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant was convicted by a jury of conspiracy to possess cocaine with intent to distribute it, and was sentenced to 151 months in prison after the district judge increased his base offense level because she found that he had possessed a gun during the commission of the offense. U.S.S.G. § 2D1.1(b)(1). After we affirmed the judgment in *United States v. Cusimano*, 148 F.3d 824 (7th Cir. 1998), the defendant moved under 28 U.S.C. § 2255 to vacate his conviction and sentence on the ground that his trial lawyer had provided ineffective assistance by failing, both at the trial of guilt and at the sentencing hearing, to present evidence from the defendant's rela-

tives that might have shown that he was unaware that the gun was in the glove compartment of the car that he had driven to the place at which he was arrested following a controlled buy. His father and brother would have testified that the car was owned by the father, not by the defendant; that the defendant had bought the gun but given it to his father as a gift and the father, who needed a gun for self-protection when he made bank deposits, had left the gun in the glove compartment without telling the defendant that he had done so. The district judge denied the section 2255 motion and the defendant has appealed.

The argument that his lawyer should have presented at trial the evidence that we have just summarized is frivolous. While the discovery of the gun in the glove compartment after the defendant's arrest was mentioned at the trial, he had not been charged with a gun offense and the evidence of his guilt of the offense with which he had been charged was overwhelming. The lawyer may have been remiss in not presenting the evidence at the sentencing hearing, but this is too uncertain to justify our reversing the district judge. The testimony of the defendant's close relatives would not have had much credibility; and it was telling that the defendant was arrested when he started walking toward his car—the undercover agent who was making the controlled buy was afraid that the defendant was going to the car to get a gun.

But there is a more fundamental reason for affirmance. The district judge who denied the section 2255 motion with the relatives' affidavits before her was the same judge who had found that the defendant had possessed a gun during the commission of the offense, a finding that implied that the defendant knew the gun was in the glove compartment, since unknowing possession would not have justified

an increase in punishment. *United States v. Highsmith*, 268 F.3d 1141, 1142 (9th Cir. 2001); *United States v. Myers*, 150 F.3d 459, 465 (5th Cir. 1998). The affidavits didn't cause her to change her mind and so it is extremely unlikely that live testimony tracking the affidavits would have done so. *Kavanagh v. Berge*, 73 F.3d 733, 737 (7th Cir. 1996); *In re Grand Jury Matter*, 906 F.2d 78, 85-86 (3d Cir. 1990). The failure to present the evidence at the sentencing hearing was therefore not prejudicial.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*