Carlton L. **CHANEY**, Petitioner–Appellant,

v.

**UNITED STATES** of America, Respondent–Appellee.

No. 02–3826.

United States Court of Appeals, Seventh Circuit.

Argued May 20, 2004.

Decided June 14, 2004.

Rehearing and Rehearing En Banc Denied Aug. 23, 2004.

Nathan E. Hoffman, Winston & Strawn, Chicago, IL, for Petitioner–Appellant.

Gerald A. Coraz, Office of the United States Attorney, Indianapolis, IN, for Respondent–Appellee.

Before COFFEY, ROVNER, and EVANS, Circuit Judges.

### ORDER

Carlton Chaney complains that his attorney did a poor job defending him seven years ago against charges of armed bank robbery, carjacking, two counts of using a firearm while committing a crime of violence, and possession of a firearm by a felon. After losing a direct appeal where we found the evidence against him to be "overwhelming," *see United States v. Chaney*, No. 98–1655, 1998 WL 789891, at *4 (7th Cir. Oct.23, 1998) (unpublished), Chaney filed a motion under 28 U.S.C. § 2255 alleging ineffectiveness of counsel. The district court initially denied the motion, but we vacated the decision and remanded. On remand Chaney attempted to expand the number of reasons why he thought his attorney was ineffective, but the district court refused to consider all but one of the additional reasons, concluding that they were outside the scope of the remand. We affirm, though for a reason other than the one relied upon by the district court.

In April 1997 three masked men robbed a bank in Indianapolis, Indiana. Two of

the robbers escaped in a Cadillac, while the third, Chaney, fled in a Chevy Suburban. A passerby witnessed the bank robbery and followed the Cadillac in her pickup truck. A short time later, while the passerby continued to follow the Cadillac in her pickup, Chaney crashed his Suburban into the pickup and then into an unoccupied home. Chaney fled the scene of the accidents, broke into another home, took the keys to the occupants' car at gunpoint, and drove away.

Police suspected that Chaney was one of the bank robbers after finding, in the abandoned Suburban, his fingerprints and an Indiana identification card with his picture but under the name "Jesse James." Chaney was arrested a couple of weeks later. During the course of his arrest, he fled in his car, pointed a gun at police when they caught up to him, and then fled again. When police finally caught him and arrested him, they found in his car a handgun that witnesses later testified was the gun used in both the bank robbery and carjacking.

In November 1997 a jury found Chaney guilty of armed bank robbery, carjacking, and both counts of using a firearm during those crimes. Two months later in a separate trial another jury found him guilty of possession of a firearm by a felon. The district court sentenced him to a total of 430 months' imprisonment: concurrent terms of 130 months for armed bank robbery, 130 months for carjacking, and 120 months for possession of a firearm by a felon, plus consecutive terms of 60 months and 240 months for using a firearm during the bank robbery and carjacking. In calculating the guideline range for armed bank robbery, see 18 U.S.C. § 2113(a), (d), the district court increased the offense level by two for obstruction of justice based upon Chaney's flight from police following the robbery. In calculating the guideline range for possession of a firearm by a felon, see 18 U.S.C. § 922(g)(1), the district court increased the offense level by four because Chaney possessed the gun in connection with the Indiana felony offense of resisting arrest with a firearm because he waved the gun toward police as he fled, see U.S.S.G. § 2K2.1(b)(5). In addition the court added three levels in calculating the range for the § 922(g)(1) offense under the "official victim" guideline, id. § 3A1.2, because Chaney assaulted the officers.

Chaney took a direct appeal, arguing that his convictions for armed bank robbery, carjacking, and use of a firearm should be set aside because he suffered undue prejudice at the trial on those charges when his father testified that he had previously been incarcerated (Chaney had engineered a severance of the § 922(g)(1) count specifically to avoid such testimony at his trial on the other counts). As we said, the direct appeal failed.

In his motion under § 2255, Chaney claimed that his attorney was ineffective for three reasons. First, he argued that his attorney should have moved for a judgment of acquittal because, in his view, the government presented no evidence that he was involved in the bank robbery. Second, he argued that his attorney should have objected that his carjacking sentence was beyond the statutory maximum. Finally, he argued that his attorney should have objected when the court applied the obstruction-of-justice adjustment on the bank robbery count because at the time he fled he did not know that the police were chasing him. As a result, Chaney says, his sentence was between 33 to 52 months longer than it should have been.

The district court denied his motion. The court reasoned that overwhelming evidence against Chaney would have doomed any motion for a judgment of acquittal, and that Chaney's 130–month sentence on

the carjacking charge was well below the statutory maximum of 180 months. As for the obstruction adjustment, the court held that under *Durrive v. United States,* 4 F.3d 548, 551 (7th Cir.1993), the effect of the two-level increase was "not significant" and therefore "foreclose[d] Chaney's argument that his attorney's failure to object to the 2 point increase was prejudicial."

Chaney appealed. Initially, we denied him a certificate of appealability, but on reconsideration issued him one based upon the Supreme Court's then-recent decision in *Glover v. United States,* 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). *Glover* overruled *Durrive,* holding that "any amount of actual jail time" is prejudicial. *Id.* at 203, 121 S.Ct. 696. Accordingly, we vacated the dismissal of Chaney's motion and remanded the case "to the district court for reconsideration in light of *Glover.*"

On remand Chaney asked the district court to appoint counsel because he had unspecified "newly discovered evidence showing that he was rendered ineffective assistance of counsel." The district court initially refused, but directed Chaney to file a report "concerning the nature and relation to his conviction of [ ] the newly discovered evidence (as he describes it) showing that his attorney was constitutionally ineffective."

In response Chaney filed a "Pro Se Petition (And Accompanying Brief) To Present Newly Discovered Evidence Of Counsel's Ineffective Assistance," detailing his additional allegations, including that counsel should have 1) objected to the indictment as inadequate to give Chaney notice that he was being charged with armed bank robbery as an aider and abettor, 2) moved to dismiss the charge for use of a firearm during the commission of a crime of violence on the premise that it is a lesser included offense of armed bank robbery,

and 3) objected at trial to the admission of unreliable eyewitness testimony. Chaney did not describe what part, if any, of these contentions were based upon "newly discovered evidence."

Chaney then renewed his request for an attorney, which the district court granted. Appointed counsel subsequently filed memoranda with the court requesting an evidentiary hearing and alleging another theory of ineffective assistance: trial counsel failed to object when the district court twice raised Chaney's offense level on the § 922(g)(1) count—first under § 2K2.1(b)(1) and again under the "official victim" adjustment of § 3A1.2(b)—purportedly on the basis of the identical conduct of pointing a gun at the pursuing police officers as they tried to arrest him. Chaney argued that this amounted to impermissible "double counting." The district court granted the request for an evidentiary hearing, but limited its scope to a single issue: whether Chaney's counsel was ineffective for failing to object to the obstruction adjustment applied to the bank robbery count. In the district court's view, this contention from Chaney's original § 2255 motion was the sole issue remanded by this court. Nevertheless, during the evidentiary hearing the district court judge agreed to also consider Chaney's theory of double counting on the § 922(g)(1) count because it was "close enough" to Chaney's other theory.

Following the hearing the district court again denied Chaney's § 2255 motion. The court reasoned that even if the obstruction adjustment had been erroneously applied to the bank robbery count, the resulting two-level increase in Chaney's total offense level on that count had not affected his overall sentence and therefore he suffered no prejudice. The court also held that no impermissible double counting occurred on the § 922(g)(1) count because

even though Chaney's offense level was increased twice based upon the single act of pointing a gun at police officers, one increase was based upon the conduct (pointing the gun) while the other was based upon the victim (a police officer).

Chaney again appealed, and we again granted a certificate of appealability. In granting the certificate of appealability, we told the parties that they should address "whether an analysis of counsel's assistance properly may be limited to counsel's performance in just one aspect of the case," citing *Duarte v. United States*, 81 F.3d 75 (7th Cir.1996).

On appeal Chaney has abandoned three of his theories of ineffective assistance of counsel: that his attorney should have moved for judgment of aquittal on the bank robbery count, objected to the obstruction adjustment on the bank robbery count, and objected that his carjacking sentence exceeded the statutory maximum. He argues only that the district court erred when it concluded that no double counting occurred on the § 922(g)(1) count, and when it failed to review the other theories he attempted to add after remand—that counsel should have objected that the bank robbery count of the indictment failed to give him proper notice of the charges, tried to get the charge of using a firearm while committing the armed bank robbery dismissed as a lesser included offense of the robbery, and objected to the admission of testimony from an unreliable witness.

Chaney spends much time on appeal arguing that his theories of ineffectiveness of counsel comprise one, not multiple, claims, apparently prompted by the certificate of appealabilty's citation to *Duarte*. In *Duarte*, we explained that theories of ineffectiveness of counsel "cannot be carved up into little segments. Isolated shortcomings do not make a lawyer inef-

fective; it is the entire course of the representation that matters." *Id.* at 77. Chaney argues that ineffectiveness of counsel is a single claim and so he was free at any time to advance any theory in support of the claim. He contends that the district court erred by reviewing only a single aspect of his ineffectiveness claim by limiting its review to what it thought was a single claim of ineffectiveness remanded by this court—the contention that Chaney's attorney was ineffective for failing to object to the obstruction adjustment on the bank robbery count.

■ But whether theories of ineffective assistance of counsel comprise one or multiple claims, Chaney was required by the rules that govern motions brought under § 2255 to assert them by amending his motion. Unlike complaints that are subject to the minimal requirements of notice pleading, Chaney's motion brought under § 2255 was required to include "all the grounds for relief which are available to the movant ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(b) of the Rules Governing Section 2255 Proceedings For The United States District Courts ("Sec. 2255 R."); *see also Ellzey v. United States*, 324 F.3d 521, 523–24 (7th Cir.2003) (§ 2255 motion that claims ineffective assistance of counsel generally without factual detail or legal elaboration does not comply with Sec. 2255 R. 2(b)). Accordingly, in order to allege his additional theories, Chaney had to amend his § 2255 motion.

The rules governing § 2255 proceedings contain no provision for making amendments, so instead courts look to Federal Rule of Civil Procedure 15 for guidance by analogy. *See* Sec. 2255 R. 12; *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999). Rule 15 permits amendments at any time with leave of court, which "shall

be freely given when justice so requires." Fed.R.Civ.P. 15(a).

Chaney argues that the district court erred when it concluded that it could not grant him leave to amend his § 2255 motion because his proposed new theories were outside the scope of our remand. District judges, however, have discretion in deciding whether to grant a motion to amend, and that discretion here to consider Chaney's motion to amend was not constrained by our remand. Chaney's proposed additional theories of ineffective assistance of counsel had never been resolved and so the "rule of the case" did not cabin the district court's discretion. *See United States v. Morris*, 259 F.3d 894, 898 (7th Cir.2001). Therefore, our remand did not prohibit the district court from allowing the proposed new theories as an amendment. The district court's statement that "the issues on remand are governed by the appellate court's order on remand and not the procedural rules governing civil cases" is at odds with Rule 15, which states that leave to amend should be "freely given," even after judgment has been entered, "when justice so requires." Fed.R.Civ.P. 15(a), (b).

This is not to say the district court was obligated to accept Chaney's additional theories. A district court may rely on any number of reasons for denying a request for leave to amend, and its decision will not be disturbed on appeal as long as it was supported by a justifying reason. *La Courte Oreilles Band of Lake Superior Chippewa Indians of Wis. v. United States*, 367 F.3d 650, 668 (7th Cir.2004). The lateness of Chaney's new submissions seems to be one reason why the district court could have acted within its discretion in not permitting an amendment, but that was not the reason given here.

Because the district court erroneously believed that our remand stripped it of its discretion to consider Chaney's proposed amendments, it failed to identify a justifying reason for rejecting the amendments. Nevertheless, we affirm on the ground that the proposed new theories are frivolous. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir.2003) (appellate court may affirm on any basis in the record); *Highway J Citizens Group v. Mineta*, 349 F.3d 938, 960 (7th Cir.2003) (appellate court need not remand a case if doing so would be futile).

Turning to Chaney's first theory of ineffectiveness, he contends that his attorney should have objected to the bank robbery count in the indictment because it failed to give him proper notice of the charges. Specifically, he argues that the indictment failed to notify him that he was being "charged" under 18 U.S.C. § 2 with aiding and abetting others who robbed a bank. But § 2 does not define a crime, it simply recognizes a *theory* of prosecuting a crime. Aiding and abetting as a theory is implicit in every charge and need not be pleaded in an indictment. *United States v. Fauls*, 65 F.3d 592, 599 (7th Cir.1995). In any event, the bank robbery count in Chaney's indictment cites § 2, and so he received explicit notice that the government might rely on that theory in proving the charge. *See United States v. Fassnacht*, 332 F.3d 440, 445 (7th Cir.2003). Any argument that the bank robbery count was inadequate, or that his attorney was ineffective for not objecting to it, would therefore be frivolous.

Next, Chaney contends that the charge of using a firearm during the commission of the bank robbery, *see* 18 U.S.C. § 924(c), is a lesser included offense of armed bank robbery, *see* 18 U.S.C. § 2113(a), (d), and therefore his attorney should have gotten it dismissed. This argument has been repeatedly rejected.

*See, e.g., United States v. Michlin,* 34 F.3d 896, 900–901 (9th Cir.1994).

Finally, Chaney contends that he suffered prejudice when his attorney failed to object to unreliable witness testimony. But we have previously concluded that overwhelming evidence supported his convictions, and therefore he cannot establish prejudice arising from counsel's purported omission. *See Ducato v. United States,* 315 F.3d 729, 730–31 (7th Cir.2002).

As for Chaney's double counting theory, counsel was not ineffective for failing to object when the district court applied both adjustments in calculating the guideline range of the § 922(g)(1) count. Double counting only occurs when "identical conduct is described in two different ways so that two different adjustments apply." *United States v. Haines,* 32 F.3d 290, 293 (7th Cir.1994). However, the district court correctly concluded that when one adjustment is based upon the nature of the conduct, and the second is based upon the nature of the victim, double counting has not occurred. *Id.* That is all that happened here; Chaney received one adjustment because of the *conduct* of pointing the gun, and another because the *persons* he pointed at were "official victims," *i.e.* police officers. *See United States v. Jackson,* 276 F.3d 1231, 1236 (11th Cir.2001).

Accordingly, we affirm the judgment of the district court.