NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 2, 2008[*]
Decided October 2, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1474

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:97CR00068-001 |
| CARLTON LAMONT CHANEY, | |
| *Defendant-Appellant.* | Larry J. McKinney, |
| | *Judge.* |

**O R D E R**

Carlton Chaney has a prior history with this court.  *See Chaney v. United States*, 101 Fed. App'x 160 (7th Cir. 2004); *Chaney v. Olson,* 92 Fed. App'x 362 (7th Cir. 2004)*; United States v. Chaney*, No. 98-1655, 1998 WL 789891 (7th Cir. Oct. 23, 1998).  In this latest appeal he argues that the district court erred in denying his motion under Federal Rule of Criminal

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

Procedure 36 to correct a purported clerical error.  But Chaney's motion sought substantive relief well beyond the scope of Rule 36, so the district court was correct to deny it.

We need not recap all the details of Chaney's criminal convictions because they are available elsewhere.  *See Chaney*, 101 Fed. App'x at 161-64; *Chaney*, 1998 WL 789891, at *1-3.  As relevant to this appeal, Chaney and two others robbed a bank in Indianapolis, Indiana, on a spring morning in 1997.  Chaney's confederates absconded in a Cadillac; Chaney chose a Chevrolet Suburban.  Donna Dauby—a citizen bystander who had witnessed the robbery from her Ford Ranger pickup truck—called 911 and decided to pursue the Cadillac.  When the Cadillac slowed to a stop a few minutes later, so too did Dauby.  Chaney appeared suddenly in the Suburban, pointed it at Dauby, and crashed into the driver's side of her pickup.  Although the collision caused considerable damage, Dauby was able to speed away.  But Chaney didn't stop there: he fled the scene, carjacked an Oldsmobile, and, weeks later, pulled a gun on the arresting officers who finally found him.  Chaney was convicted of armed bank robbery, carjacking, possession of a firearm by a felon, and twice using a firearm while committing a crime of violence.  *See* 18 U.S.C. §§ 922(g)(1), 924(c), 2113, 2119.  The district court sentenced him to a total of 430 months' imprisonment, and we affirmed the judgment of the district court on direct appeal.  *Chaney*, 1998 WL 789891, at *4.

Chaney next sought relief under 28 U.S.C. § 2255, arguing, as relevant here, that his counsel had been ineffective at sentencing by failing to object to a two-level upward adjustment for reckless endangerment during flight.  *See* U.S.S.G. § 3C1.2.  At the time of the collision with Dauby, Chaney reasoned, he was not fleeing from a law-enforcement officer.  *See id.*  The district court agreed that the adjustment was inappropriate.  No doubt the collision presented a substantial risk of death or serious bodily injury to Dauby.  *See id.*  But there was no evidence, according to the court, that law-enforcement officers were pursuing Chaney at the time.  *See id.*  Still, Chaney could not demonstrate that he was prejudiced by his attorney's failure to object.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Even without the two-level adjustment, the court wrote, Chaney's *combined* offense level remained the same, *see* U.S.S.G. § 3D1.4, and so too did his guidelines range.  Accordingly, the court denied Chaney's motion.  The court did, however, issue a separate order in which it vacated "the court's previous finding that a sentencing enhancement pursuant to USSG § 3C1.2" was applicable and directed "that this Entry be appended to the Presentence Investigation Report."  The court continued:

> The foregoing is the remedial action which is warranted based on the court's present determination, to correct its earlier contrary determination in paragraph 30 of the Presentence Investigation Report, that the obstruction of justice (fleeing law enforcement) enhancement pursuant to USSG § 3C1.2, was not warranted by the circumstances of the defendant's offense of armed bank robbery as charged in count 1 of the indictment.  This correction does not alter

the defendant's sentence under count 1 of the indictment or otherwise, but is issued to inform the defendant and proper authorities of the court's action.

Chaney appealed the denial of his motion, although on appeal he abandoned his failure-to-object theory of ineffective assistance of counsel, and we affirmed in any event. *Chaney*, 101 Fed. App'x at 166. One year later—in 2005—Chaney filed a second motion under 28 U.S.C. § 2255 in the district court, which the court dismissed as an unauthorized successive collateral attack. Chaney appealed yet again, but we denied his request for a certificate of appealability. *See Chaney v. United States*, No. 05-3897 (7th Cir. Dec. 20, 2005).

Chaney, undeterred, tried a new tack in 2007. This time he filed, in the district court, a "Motion to Correct Clerical Error[] Pursuant to Fed. R. Crim. P. 36" in which he asked the court, in light of its five-year-old separate order, "to properly correct judgment of March 5, 1998 [Chaney's sentencing hearing] to reflect evidence showing Mr. Chaney could not be in a get-a-way vehicle on the day when the crimes were committed." The district court denied the motion, explaining that "[t]his court's finding that the U.S.S.G. § 3C1.2 enhancement did not apply in no way inferred that Chaney was not the driver of or passenger in the Suburban."

On appeal Chaney contends that, in the wake of its order scotching the two-level adjustment, the district court was obligated to delete various portions of the presentence report, vacate Chaney's conviction for armed bank robbery, and resentence him accordingly. And, Chaney continues, Rule 36 was the proper vehicle for this request. He is wrong on both counts. Rule 36 is reserved for clerical errors. *See* FED. R. CRIM. P. 36; *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008). Its enables correction "at any time" if a judge's oral pronouncement of a sentence does not match the written judgment that follows. *See* FED. R. CRIM. P. 36; *United States v. Becker*, 36 F.3d 708, 709-10 & 710 n.2 (7th Cir. 1994). Rule 36 is not, however, a vehicle for raising substantive challenges to a sentence. *Becker*, 36 F.3d at 710 n.2. Chaney's motion fails because it has nothing to do with clerical error.

AFFIRMED.