Harold E. McGHEE, Petitioner–Appellant,

v.

J.J. CLARK, Warden, Respondent–Appellee.

No. 98–2066.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 1998*.

Decided Jan. 28, 1999.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

Harold E. McGhee (submitted), Terre Haute, IN, pro se.

Judith A. Stewart (submitted), Office of the United States Attorney, Indianapolis, IN, for Respondent–Appellee.

Before RIPPLE, MANION and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

Harold McGhee, a federal prisoner, alleges that prison authorities usurped a judicial role by imposing a schedule governing his payment of the criminal fine imposed as part of his sentence. The district court denied relief, and Mr. McGhee appeals. For the reasons set forth in this opinion, we affirm the judgment of the district court.

Mr. McGhee pleaded guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and was sentenced on April 26, 1996, to 48 months' incarceration, followed by 36 months' supervised release. Mr. McGhee is serving his sentence at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). The district court also fined Mr. McGhee $5,000 and imposed a special assessment of $50, all due "in full immediately."

Pursuant to the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545, Subpt. B, a USP Terre Haute "unit team" developed a payment plan with Mr. McGhee upon his arrival that required him to pay, beginning in September 1996, $25 quarterly

toward the fine and assessment. Mr. McGhee agreed to the plan. At Mr. McGhee's second IFRP review in January 1997, the unit team concluded that Mr. McGhee's payments should be increased to $25 a month beginning in March 1997. Mr. McGhee acceded to the increase. In July 1997, after conducting its third review, Mr. McGhee's unit team determined that Mr. McGhee's payments should be raised to $50 a month. This time he refused. Accordingly, he was placed on IFRP refusal status. As a result of his refusal status, Mr. McGhee was removed from the unit that housed inmates 50 years old and over and was reassigned to less desirable quarters.

Mr. McGhee appealed the new payment schedule and housing reassignment through the administrative appeals process. He argued that prison officials did not have the authority to schedule payment of the fine because only the sentencing court could establish such a schedule. After his appeal was denied at every level, Mr. McGhee filed this action. Mr. McGhee sought an injunction against the Bureau of Prisons ("BOP") to prevent collection of further sums from him. The district court denied Mr. McGhee's petition. It held that the sentencing court fully discharged its sentencing responsibilities by ordering the fine it imposed to be paid in full immediately; therefore, USP Terre Haute officials did not usurp the sentencing court's authority by establishing a payment schedule pursuant to the IFRP and penalizing Mr. McGhee for refusing to accept it.

Mr. McGhee argues on appeal that the district court erred in denying relief because the sentencing court was required to establish a schedule of installment payments to satisfy the fine it imposed. He further contends that prison officials usurped the core judicial function of setting such a schedule by establishing its own payment scheme for Mr. McGhee.

■ Mr. McGhee's argument that the sentencing court was required to establish a schedule of installment payments is groundless. Cases in which a district court expressly has delegated to the BOP its discretion to schedule fine payments have no application here. The sentencing court has the option, but not the duty, to provide for payment of a fine in installments. *See* 18 U.S.C. § 3572(d)(1). Here, the court properly elected not to establish such a schedule, but instead to require immediate payment as authorized by § 3572. *See id.* By their plain language, the court's judgment and commitment order do not delegate scheduling of fine payments or, in fact, any function to the BOP. *See United States v. Trigg,* 119 F.3d 493, 500 (7th Cir.1997) (holding that sentencing court did not impermissibly delegate timing of restitution payments to probation department by ordering immediate payment).

■ Mr. McGhee also argues that USP Terre Haute officials contravened the sentencing court's immediate payment directive. However, this argument is unavailing; such directives generally are interpreted to require not immediate payment in full but "payment to the extent that the defendant can make it in good faith, beginning immediately." *Id.* (quoting *United States v. Jaroszenko,* 92 F.3d 486, 492 (7th Cir.1996)) (internal quotation marks omitted). Thus, the payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order. Nothing barred the BOP from ensuring pursuant to the IFRP that Mr. McGhee make good-faith progress toward satisfying his court-ordered obligations. *See, e.g., United States v. Miller,* 77 F.3d 71, 77 (4th Cir.1996) (nonjudicial officers may perform tasks in support of judicial functions "as long as a judicial officer retains and exercises ultimate responsibility"). Moreover, even if we were to construe Mr. McGhee's argument as a challenge to the BOP's use of the IFRP, it would still fail. The IFRP has been uniformly upheld against constitutional attack. As the Second Circuit stated in *Johnpoll v. Thornburgh,* 898 F.2d 849, 851 (2d Cir.), *cert. denied,* 498 U.S. 819, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990), "the IFRP program serves valid penalogical interests and is fully consistent with the BOP's authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." *See also James v. Quinlan,* 866 F.2d 627, 630 (3d Cir.), *cert. denied,*

493 U.S. 870, 110 S.Ct. 197, 107 L.Ed.2d 151 (1989).

Mr. McGhee's argument that prison officials committed extortion in collecting IFRP payments from him is meritless. Indeed, he fails to identify any conduct that violated IFRP regulations. The unit team's unilateral decisions to accelerate Mr. McGhee's payments and to count as available resources funds that Mr. McGhee obtained from outside sources are both expressly permitted by IFRP regulations. *See* 28 C.F.R. § 545.11(b). Finally, Mr. McGhee is precluded from raising in this appeal any other alleged improprieties in the prison officials' collection methods because he did not assert them in his administrative appeals. *See Johnpoll*, 898 F.2d at 851 (finding that claim based on "alleged coercive tactics used to collect fines" was "redressable by prison officials").

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.