PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                            No. 99-7511

TONY JONES,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-93-69-3)

Argued: September 26, 2000

Decided: January 23, 2001

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by published per curiam opinion.

## COUNSEL

**ARGUED:** Neal Lawrence Walters, UNIVERSITY OF VIRGINIA
SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Char-
lottesville, Virginia, for Appellant. Fenita Morris Shepard, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee. **ON
BRIEF:** Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

**OPINION**

PER CURIAM:

Tony Jones appeals an order of the district court amending his criminal judgment to alter the method of payment of the fine originally imposed four years earlier. Because we conclude that the district court was without authority to effect this change, we vacate the amended order and remand with instructions to reinstate the original criminal judgment.

I.

Jones pled guilty to various criminal offenses. As part of his sentence imposed in March 1995, the district court ordered him to pay a fine of $10,000. The district court ordered the Bureau of Prisons to establish a payment schedule pursuant to the Inmate Financial Responsibility Program and directed that upon Jones' release from custody the probation office would establish, and could modify, a payment schedule.

This court subsequently held that a district court may not delegate its authority to schedule payment of a fine to either the Bureau of Prisons or the probation office. *See United States v. Miller*, 77 F.3d 71, 77-78 (4th Cir. 1996). The warden of the correctional institution in which Jones is incarcerated sent a letter to the district court concerning this change in the law. In response, the district court "on its own motion" entered an order on October 13, 1999 amending Jones' criminal judgment order to provide that the $10,000 fine "shall be due and payable immediately." J.A. 59 (emphasis omitted). The court did not identify any authority for its action.

II.

The Government concedes, and we agree, that the district court lacked authority to amend Jones' judgment. Although there are circumstances under which a district court may modify or correct a criminal judgment order, none of them authorized the district court to take this action based solely on a subsequent change in case law. *See*

*United States v. Hatten*, 167 F.3d 884, 886-87 (5th Cir. 1999); *United States v. Lussier*, 104 F.3d 32, 34-37 (2d Cir. 1997).

Despite acknowledging that the district court was without authority to amend Jones' judgment to make the full fine payable and due immediately, the Government nonetheless asserts that we should affirm the district court because Jones cannot show that he was harmed by the amendment. *See* Fed. R. Crim. P. 52(a). It argues that there is no appreciable difference between the original sentence and the amended sentence because, as a practical matter, judgment orders requiring immediate, full payment of fines are not literally enforced. *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) (noting that directives to pay full fine immediately are generally interpreted to require merely "payment to the extent that the defendant can make it in good faith, beginning immediately" (internal quotation marks omitted)). We need not address whether the amendment affected Jones' substantial rights, however, because harmless error analysis is not appropriate when the district court lacked authority for its action. *See Gomez v. United States*, 490 U.S. 858, 876 (1989).

### III.

In sum, we conclude that the district court lacked authority to amend Jones' criminal judgment to require immediate, full payment of the fine originally imposed four years earlier, even though the court was attempting to bring Jones' sentence into compliance with subsequent case law.[1] We therefore vacate the order of the district court amending Jones' sentence and remand with instructions to reinstate the original sentence.[2]

*VACATED AND REMANDED*

---

[1]In light of this disposition, we do not address Jones' argument that the district court should have held a hearing and made certain factual findings before imposing the amended sentence.

[2]The Government urges us to address the validity of the original judgment order in light of the subsequent decision in *Miller*. We decline to do so as any discussion of that issue here would be advisory.