**Randall E. COPE, Petitioner–Appellant,**

v.

**Keith E. OLSON Respondent–Appellee.**

**No. 01–1839.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 17, 2001.*

Decided Oct. 17, 2001.

Rehearing En Banc Denied Nov. 15, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before CUDAHY, RIPPLE and WILLIAMS, Circuit Judges.

## ORDER

Randall Cope, a federal prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2241 in an effort to stop prison authorities from setting and enforcing payment schedules for two fines and a restitution obligation ordered due "in full immediately" as part of his sentence. The district court denied the petition, and, because our decision in *McGhee v. Clark*, 166 F.3d 884 (7th Cir.1999), forecloses Mr. Cope's claim, we affirm the judgment of the district court.

Mr. Cope was sentenced to a term of incarceration in a federal prison. In addition, his sentencing court imposed two felony assessments and an order of restitution. In August 2000 shortly after he began serving his prison sentence, authorities at the United States Penitentiary at Terre Haute, Indiana, put Mr. Cope on a $25 quarterly payment plan through their Inmate Financial Responsibility Program ("IFRP"). *See* 28 C.F.R. §§ 545.10–.11. Mr. Cope objected to the payment plan and asked to be exempted from the IFRP. He argued that by setting a payment plan prison authorities had illegally altered his sentence and improperly assumed judicial powers.

We addressed the identical argument from a federal prisoner seeking a writ of habeas corpus in *McGhee v. Clark*, 166 F.3d 884 (7th Cir.1999). In *McGhee* we noted the difference between ordering monetary penalties and collecting them through the IFRP. A district court has discretion to order either installment pay-ments or immediate payment. *Id.* Ordering immediate payment allows prison officials to set a payment schedule, without altering the defendant's sentence or creating an improper delegation, because "such directives generally are interpreted to require not immediate payment in full but payment to the extent that the defendant can make it in good faith, beginning immediately." *Id.* (internal quotations and citation omitted). Prison officials therefore did not intrude on the district court's sentencing authority when they asked Mr. Cope to begin paying through the IFRP; they simply gave him an opportunity to begin fulfilling the terms of his court-ordered obligations.

Because *McGhee* forecloses Mr. Cope's argument, we AFFIRM the judgment of the district court.