**David Allen KIDD, Petitioner–
Appellant,**

v.

**Harley G. LAPPIN, Respondent–
Appellee.**

No. 00–3145.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 2002.*

Decided Feb. 11, 2002.

Rehearing Denied April 4, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, MANION, WILLIAMS, Circuit Judges.

## ORDER

David Kidd appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the district court denied on the merits. Because Kidd has waived the only argument he brings on appeal, we affirm the judgment of the district court.

In 1995 Kidd pleaded guilty to two counts of armed bank robbery and one count of carrying a firearm during and in relation to the commission of a violent crime, *see* 18 U.S.C. § 2113(a), (d); *id.* § 924(c), and was sentenced to a total of 165 months' imprisonment and five years' supervised release. The district court also imposed special assessments totaling $150 and ordered Kidd to pay restitution in the amount of $7,379. The district court noted that these payments were to be made in installments commencing thirty days after judgment.

In 1999 Kidd filed a motion claiming the district court improperly delegated to prison authorities the discretion to set his payment schedule. He argued that the payment schedule imposed a heavy financial burden and requested that the amount of his installments be reduced to ten percent of his monthly prison income. The district court recognized that this challenge to the execution of payments is properly viewed as a petition under 28 U.S.C. § 2241. The district court decided, however, that Kidd's request for relief was foreclosed by our decision in *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir.1999), and denied Kidd's petition.

We first note that the district court's analysis is incorrect. *McGhee* holds that when a district court orders immediate payment, it is not an impermissible delegation for prison authorities to set the payment schedule. *See McGhee*, 166 F.3d at 886. In this case, however, the district court did not order immediate payment and instead opted to require payment in "installments to commence 30 days after the date of this judgment," but did not specify an amount for the monthly payments. We found similar "installment" language that did not specify a monthly payment to be an improper delegation in *United States v. Pandiello*, 184 F.3d 682, 688 (7th Cir.1999). Thus, Kidd's petition is not so quickly foreclosed by *McGhee*.

On appeal, however, Kidd presents a new challenge to the restitution order; he argues that the district court failed to assess his ability to pay restitution before it

imposed judgment, which he believes violated his due process rights. Because this argument was not presented to the district court, it is waived on appeal. *See Rittenhouse v. Battles*, 263 F.3d 689, 694–95 (7th Cir.2001). In any event, an argument contesting the constitutional validity of a sentence must be brought in a motion under 28 U.S.C. § 2255, *see Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir.2001), but a challenge to an order of restitution is not cognizable in a § 2255 motion, *see Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir.1997).

Therefore, the judgment of the district court is AFFIRMED.