**Carlton CHANEY, Petitioner–Appellant,**

v.

**Keith OLSON, Respondent–Appellee.**

No. 03–3312.

United States Court of Appeals, Seventh Circuit.

Submitted March 19, 2004.

Decided March 19, 2004.

Carlton L. Chaney, Terre Haute, IN, for Petitioner–Appellant.

Gerald A. Coraz, Office of the United States Attorney, Indianapolis, IN, for Respondent–Appellee.

Before Hon. KENNETH F. RIPPLE, Hon. MICHAEL S. KANNE, and Hon. DIANE P. WOOD, Circuit Judges.

### ORDER

Carlton L. Chaney, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C § 2241 in an effort to stop the Bureau of Prisons (BOP), acting through the Inmate Financial Responsibility Program (IFRP), from enforcing a payment schedule for a restitution obligation ordered due "in full immediately" as part of his sentence. He principally contested the BOP's authority to set the time or amount of restitution payments; such determinations, he maintained, must be made by the sentencing court. The district court decided that the request for relief was foreclosed by *McGhee v. Clark*, 166 F.3d 884 (7th Cir.1999), and denied the petition.

Chaney argues on appeal that the IFRP schedule usurped the district court's responsibility to collect the court-ordered restitution. Because the restitution schedule is part of his sentence, he reiterates that only the district court is authorized to require payments and the court may not delegate its authority to set the payment schedule.

In *McGhee* we held that when a district court orders immediate payment, it is not an impermissible delegation for prison authorities to set the payment schedule. *Id.* at 886. Ordering immediate payment is not an improper delegation, because "such directives generally are interpreted to require not immediate payment in full but 'payment to the extent that the defendant can make it in good faith, beginning immediately.'" *Id.* (quoting *United States v. Jaroszenko*, 92 F.3d 486, 492 (7th Cir. 1996)).

When a court orders immediate payment, it must take into account the defendant's ability to pay and the burden the payment will have on those financially dependent on the defendant. *See* 18 U.S.C. § 3572(a). Here the court calculated that Chaney owed $40,299.76, and that this amount was due "in full immediately." An order that restitution be paid "in full immediately," does not preclude the BOP through the IFRP from ensuring that a defendant makes good-faith progress toward satisfying his debt. *McGhee*, 166 F.3d at 886. Any dispute about the payment schedule is between Chaney and the IFRP.

AFFIRMED.