

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2005

# Henry v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3740

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Henry v. Apker" (2005). *2005 Decisions.* Paper 1333.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1333

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3740
_____

JOHN HENRY,

Appellant

v.

CRAIG APKER, Warden,
Low Security Correctional
Institution-Allenwood

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00161)
District Judge: Honorable William J. Nealon
_____


Submitted Under Third Circuit LAR 34.1(a)
April 15, 2005

Before:  ALITO, SMITH and BECKER, Circuit Judges

(Filed April 19, 2005)


_____


OPINION
_____

PER CURIAM

John Henry, pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

In 1994, Henry pleaded guilty to possession with intent to distribute cocaine and use of a firearm during a drug trafficking crime in violation of 21 U.S.C. §§ 841(a)(1) and 924(c). He was originally sentenced to 384 months' imprisonment and a $35,000 fine in 1994. At that time, the sentencing judge did not specify when the fine was due. In 1997, following a renewed guilty plea to the possession, an amended judgment was entered sentencing Henry to 230 months' imprisonment and a $35,000 fine due "in full immediately." In 1999, the judgment was again amended to 262 months' imprisonment with a $35,000 fine due "in full immediately." In 2003, Henry entered the Inmate Financial Responsibility Program ("IFRP"). 28 C.F.R. §§ 545.10 and 545.11.

Henry filed the instant § 2241 habeas petition in which he claimed that the Bureau of Prisons ("BOP") impermissibly set his schedule of payment for his fine in violation of the Mandatory Victim Restitution Act of 1996 ("MVRA"). He further argued that such action was an improper delegation of judicial authority over scheduling payments in violation of United States v. Coates, 178 F.3d 681, 683 (3d Cir. 1999).

The District Court first concluded that, because Henry was convicted and sentenced in 1994, the MVRA does not apply to him. See Coates, 178 F.3d at 683.

2

Instead, the District Court found that the Victim and Witness Protection Act governed Henry's payment of fines. See United States v. Holmes, 193 F.3d 200, 205 (3d Cir. 1999). The District Court, therefore, concluded that, to the extent that Henry asserted a claim on an alleged violation of the MVRA, his claim was meritless.

With regard to Henry's claim of improper delegation, the District Court acknowledged that under Coates, a sentencing court may not delegate the scheduling of restitution to the BOP. The District Court, however, went on to conclude that the sentencing court's order that Henry's fine was due "in full immediately" was not an improper delegation of judicial authority. See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1998). The District Court further noted that such an order does not preclude the BOP from ensuring that Henry proceed with payment of his fine through the IFRP. Based on this reasoning, the District Court denied Henry's § 2241 petition.

Henry appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir. 2004). We agree with the District Court's disposition of Henry's § 2241 petition. For essentially the reasons given by the District Court, as summarized above, we will affirm.