**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 4, 2006[*]
Decided January 5, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2228

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 95 CR 730 |
| THOMAS D. LAMBERT *Defendant-Appellant.* | Charles P. Kocoras, *Chief Judge.* |

**O R D E R**

In 1997 Thomas Lambert was found guilty of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1); conspiracy to defraud the United States; 18 U.S.C. § 371; and conspiracy to commit money laundering, 18 U.S.C. § 1956(h).  The district court sentenced Lambert to a total of 360 months' imprisonment and imposed a $10,000 fine to be paid "[i]n full immediately."  We affirmed the judgment on direct appeal.  *United States v. Neeley*, 189 F.3d 670 (7th

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Cir. 1999). Lambert now appeals the denial of his motion asking the sentencing court to remit the unpaid balance of his fine. We affirm.

Lambert was convicted in the Northern District of Illinois, but throughout these proceedings he has been confined at a federal prison in Ohio. From that facility Lambert filed in the district court in Chicago a motion entitled "Economic Burdensome in Custody 18 U.S.C. § 3572(d)(3) and in a Formal Notice of Abuse and Inability to Pay." Lambert alleged that he paid $4,103 through the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. §§ 545.10-.11, before August 2003, when he and the Bureau of Prisons reached an impasse concerning the funds Lambert had available to make future payments and the amount of those payments. Lambert alleged that the BOP had placed him on "refusal status" to coerce compliance with its payment schedule even though his transfer to a lower-paying prison job left him without sufficient funds to make the required payments. He thus asked the district court to "remit" all or part of the unpaid portion of the fine or otherwise "make a payment schedule" for the remainder of the fine. The district court denied that motion without calling for an answer from the government.

The district court did not offer reasons for its decision, but no explanation was required. If Lambert wanted a district court to cabin the BOP's collection efforts, then his request was both directed to the wrong court and premature. Complaints about the BOP's administration of the IFRP are cognizable under 28 U.S.C. § 2241, *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (stating that inmates' challenges to IFRP payment schedules "concern the execution of sentence, and are therefore correctly framed as § 2241 claims"); *McGhee v. Clark*, 166 F.3d 884, 885-87 (7th Cir. 1999), but only if the inmate files a petition in the district of confinement, 28 U.S.C. § 2241(d); *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2005), after exhausting his administrative remedies, *McGhee*, 166 F.3d at 887. Lambert satisfied neither of these conditions. Moreover, to the extent Lambert wanted the sentencing court to remit the balance of the fine or impose its own payment schedule, he lacked a statutory basis for seeking relief. Only the government may seek remission, *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003), and 18 U.S.C. § 3572(d)(3), which allows a sentencing court to modify a payment schedule, cannot help Lambert because his fine was due immediately in a lump sum. Current federal law simply provides Lambert no basis to ask the sentencing court to alter his fine.

AFFIRMED.