**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-7291**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

DAVID FITZGERALD LIGHTNER,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Graham C. Mullen, Senior
District Judge.  (3:93-cr-00133-RDP)

———————

Submitted:  January 29, 2008     Decided:  February 22, 2008

———————

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

David Fitzgerald Lightner, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Fitzgerald Lightner appeals the district court's opinion "clarifying" his criminal judgment with respect to the payment of the fine. On appeal, Lightner's sole argument is that the district court lacked authority to essentially modify his criminal judgment. We agree and, accordingly, vacate and remand.

In 1994, David Fitzgerald Lightner was convicted of one count of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. § 846 (2000), and one count of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) (2000). He was sentenced to life imprisonment. The criminal judgment further provided for a $25,000 fine, to be paid "in installments according to the schedule of payments as prepared by the Probation Office." This court subsequently held in United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996), that the sentencing court cannot delegate the authority to schedule payment of a fine to a non-judicial officer.

According to Lightner, an inmate at Bennettsville Federal Correctional Institution, he was placed on refusal status for failure to pay the $25,000 fine imposed as part of his May 1994 sentence. Lightner states that, when he appealed through administrative remedies, he was removed from refusal status and placed on temporary exempt status while the warden generated a

letter to the sentencing judge requesting clarification on Lightner's judgment.

The district court, based on letters from the U.S. Attorney's Office and the Probation Office, responded, noting that the sentencing judge in Lightner's case had since retired and was therefore no longer on the bench. The district court therefore directed that the subject letter be treated as the court's opinion regarding Lightner's judgment and commitment. The district court stated that "Mr. Lightner should be participating in the Inmate Financial Responsibility Program (IFRP) to satisfy his financial obligation." The district court noted that it believed "the U.S. Department of Justice and the U.S. Probation Office concur with this opinion." As a consequence, Lightner was, according to him, placed back on refusal status for failure to pay the fine.

Relying on United States v. Jones, 238 F.3d 271 (4th Cir. 2001), Lightner argues on appeal that the district court lacked authority to essentially modify his criminal judgment. In Jones, the district court ordered Jones to pay a fine of $10,000. In Jones' 1995 criminal judgment, the district court directed the Bureau of Prisons to establish a payment schedule pursuant to the IFRP and directed that upon Jones' release from custody the probation officer would establish, and could modify, a payment schedule. 238 F.3d at 272. In light of Miller, the warden of the correctional institution in which Jones was incarcerated sent a

- 3 -

letter to the district court concerning the change in law. In response, the district court sua sponte entered an order on October 13, 1999, amending Jones' criminal judgment order to provide that the $10,000 fine "shall be due and payable immediately." On appeal, this court held that the district court lacked authority to amend Jones' judgment, noting that the district court had no authority to act based solely on a subsequent change in case law, even though it was attempting to bring Jones' sentence in compliance with subsequent case law. Id. at 272-73.

In Jones, the district court clearly entered an order amending Jones' judgment to provide a different payment method than that ordered in the original judgment. In this case, the district court took a less formal approach, stating in its opinion letter that it merely sought to "clarify the verbiage used in Mr. Lightner's Judgment and Commitment." Although intended to clarify the language of the sentencing court and to enforce the sentencing court's original intent, we find that the district court's opinion constituted an unauthorized amendment to the judgment. The original judgment provides that the fine be paid according to the schedule of payments prepared by the Probation Office. In its opinion, the district court imposed the requirement that Lightner participate in the IFRP. However informal and well-intended the court's letter, the practical effect of the clarification was accomplishing "through the back door" what the district court was

- 4 -

admonished from doing in <u>Jones</u>.  Based on <u>Jones</u>, we find that the court was unauthorized to "clarify" the judgment, which essentially served to amend the judgment.

Accordingly, we vacate the district court's opinion regarding Lightner's judgment, and to the extent that it replaced the original judgment, we remand with instructions to reinstate the original sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>