**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2008[*]
Decided April 3, 2008

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3979

| | |
|---|---|
| WALID IHMOUD, | Appeal from the United States District |
|     *Petitioner-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division |
|     *v.* | |
| | No. 1:06-cv-1823-SEB-JMS |
| BRIAN JETT, | |
|     *Respondent-Appellee*. | Sarah Evans Barker |
| | *Judge*. |

## O R D E R

Federal inmate Walid Ihmoud brought suit claiming that prison authorities extorted restitution payments from him. Ihmoud is serving a prison term of 38 years for arson and mail fraud, and as part of his sentence he was ordered to pay restitution of over a million

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

dollars "immediately" or, if he was not able to make a lump-sum payment, in monthly installments of at least $500 beginning upon his release from prison. The sentencing court also recommended that Ihmoud participate in the Inmate Financial Responsibility Program (IFRP) to develop a payment schedule during his incarceration. *See* 28 C.F.R. §§ 545.10-11.

Ihmoud did enroll in the IFRP and executed an agreement permitting the Bureau of Prisons (BOP) to withdraw monthly payments of $77 from his prison account in order to pay restitution. He became unhappy with the prison's application of the IFRP, however, and mailed "notices" to several prison authorities asserting that the withdrawals were unlawful. He did not seek resolution of his objections through the prison's administrative remedy process, though, instead choosing to go directly to federal court. The district court construed his complaint as a petition for habeas corpus relief and dismissed the suit because Ihmoud had not exhausted his administrative remedies. Ihmoud appeals the denial of his petition, arguing that he did exhaust his administrative remedies and that the district court should have construed his submission as a *Bivens* suit. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241. *See Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002) (stating that challenges to IFRP collection mechanisms concern execution of sentence and are therefore correctly framed as section 2241 claims); *McGhee v. Clark*, 166 F.3d 884, 885-87 (7th Cir. 1999) (recognizing district-court jurisdiction over claims arising from implementation of IFRP); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that motion seeking relief on grounds concerning execution of sentence but not validity of conviction falls under section 2241). Ihmoud accordingly has no basis for complaining that the district court treated his submission as a petition under section 2241. *Valona*, 138 F.3d at 694.

But regardless how the district court construed his claim, Ihmoud was still required to exhaust his administrative remedies before seeking recourse in federal court. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that common-law exhaustion rule applies to section 2241 actions); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (noting that exhaustion is a precondition to filing a *Bivens* suit); *McGhee*, 166 F.3d at 887 (holding that challenge to IFRP collection methods must be administratively exhausted). Ihmoud argues that the "notices" he mailed to various prison authorities constituted sufficient use of the BOP's administrative machinery to overcome the exhaustion requirement. But proper exhaustion requires that an inmate comply with the BOP's rules governing filing and prosecution of a complaint. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006); *Richmond*, 387 F.3d at 604; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Ihmoud did not even attempt to make use of the BOP's administrative remedy process, let

alone exhaust it. *See* 28 C.F.R. §§ 542.13-15 (outlining requirements that inmate must first attempt to resolve the issue informally with a staff member, then file a written complaint with the warden, then appeal to the regional director and finally the general counsel). The district court properly denied Ihmoud's petition. *See McGhee*, 166 F.3d at 887.

AFFIRMED.