NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 16, 2010[*]
Decided July 27, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3294

| | |
|---|---|
| GEORGE BROWN, JR., | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
|     *v.* | No. 08-cv-095-WDS |
| | |
| WILESKA LIRIOS and MARTA | William D. Stiehl, |
| SANTIAGO, | *Judge.* |
|     *Defendants-Appellees.* | |

**O R D E R**

---

   [*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In this appeal federal prisoner George Brown Jr. asserts that prison officials violated various constitutional rights. *See* 42 U.S.C. § 1983. The district court dismissed the complaint at screening, *see* 28 U.S.C. § 1915A, and we affirm.

We draw the following account from Brown's complaint and his appellate brief. *See Holman v. Indiana*, 211 F.3d 399, 405-06 (7th Cir. 2000). Brown had been convicted on drug charges, and as part of his sentence he was ordered to pay a felony assessment of $100. Under the Inmate Financial Responsibility Plan (IFRP), his unit team at the prison was responsible for devising a plan for him to pay the $100 assessment. *See* 28 C.F.R. §§ 545.10-.11. Wileska Lirios, Brown's unit counselor, told him that he was to pay the $100 as a lump sum. Brown protested that he could not pay the $100 and countered with a proposal to pay $25 each quarter. Lirios rejected the proposal. When Brown did not comply with the lump-sum plan, Lirios limited his monthly purchases and put him in "restricted living quarters." *See* 28 C.F.R. § 545.11. In his complaint, Brown alleges that Lirios imposed those restrictions "in retaliation" for his refusal to agree with her plan, and without a hearing in violation of his right to due process. Brown's unit manager later had Lirios amend the plan to allow for $25 installments and lift the restrictions. According to the appellees, the reason for the change was that Brown had spent most of his funds and could no longer make a lump-sum payment.

Brown alleges that a second due-process violation occurred when his unit counselors, Lirios and Marta Santiago, conducted a hearing for a disciplinary proceeding, but did not allow him to call a witness. Lirios and Santiago conducted the hearing to resolve a charge that Brown had an unexcused absence from his prison job. Brown alleged that Lirios and Santiago did not allow him to call as a witness his work supervisor, who he said would confirm that he was not scheduled to work that day. Lirios and Santiago concluded that Brown's absence was unexcused, and as punishment they restricted his spending. But within the month Brown's unit manager realized that there had been a mistake about his work schedule, expunged the report, and lifted the restriction.

Brown sued Lirios and Santiago in Illinois state court, alleging that Lirios retaliated against him for his noncompliance with his payment plan, that Lirios denied him due process by not holding a hearing about his payment plan, and that both counselors denied him due process in the later disciplinary hearing. Lirios and Santiago removed the case to federal court. Brown then moved to remand the case to state court on grounds that the notice of removal was defective. The district court denied his motion, explaining that the removal had been timely filed within 30 days of service, and that Brown's other arguments were baseless. The district court also dismissed Brown's complaint as frivolous. *See* 28 U.S.C. § 1915A. It concluded that Brown failed to state a claim for retaliation because his complaint about his payment plan was a "personal gripe" rather than a matter of public concern. As for the due process claim, the district court explained that Brown did not allege that he was deprived of any constitutionally protected interest.

On appeal Brown first contests the district court's denial of his motion to remand the case to state court. Brown had argued in the district court that the notice of removal was untimely because it was filed more than 30 days after his complaint. But as the district court correctly noted, when service occurs after the complaint is filed, a defendant has thirty days from the date of proper service to remove. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The defendants were served on January 15, 2008, so their notice of February 8, 2008 was timely.

Brown also challenges the district court's rejection of his argument that the notice of removal was "void." He contends that the notice was void because it had been filed before the defendants had entered an appearance in the case, in violation of a local rule. S.D. Ill. Local R. 83.1(f) requires counsel to file a notice of appearance before "address[ing] the Court." Even if a tardy notice of appearance were a violation, though, it would not necessarily void previous filings. The local rule does not specify what consequences follow from such a violation, so the district court could not have erred in declining to void the previous filings. *See Kovilic Construction Co. v. Missbrenner*, 106 F.3d 768, 771-74 (7th Cir. 1995). And contrary to Brown's argument that the rule violation stripped the court of jurisdiction, "noncompliance with a court's local rules does not create a jurisdictional bar for the district court." *Brengettcy v. Horton*, 423 F.3d 674, 681 (7th Cir. 2005).

Brown also argues that the district court erred in dismissing his retaliation claim. The district court had concluded that he failed to state a claim because his complaint about his payment plan was not a matter of public concern. Indeed, after the district court's decision we decided to "jettison the public concern test from our prisoner free speech jurisprudence." *See Watkins v. Kasper*, 599 F.3d 791, 795 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

But a retaliation claim must still be premised on conduct that is protected by the First Amendment, and an inmate's conduct is not protected when he refuses to comply with a legitimate prison regulation. *See Watkins*, 599 F.3d at 799; *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008). By his own description, he was refusing to comply with his payment plan under the IFRP, a regulation. And the IFRP, we have recognized, is a legitimate regulation that "has been uniformly upheld against constitutional attack." *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); *accord United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Specifically, its restrictions relate to the legitimate interest of rehabilitation because they promote financial responsibility. *McGhee*, 166 F.3d at 886; *Lemoine*, 546 F.3d at 1046; *James*, 866 F.2d at 630. In addition, the IFRP specifies consequences for an inmate's refusal "to comply with the provisions of his financial plan," 28 C.F.R. § 545.11(d), and these consequences are the ones that Lirios imposed: the inmate "shall be subject to a monthly commissary spending limitation" and "will be quartered in the lowest

housing status." *Id.* § 545.11(d)(6), (7). Accordingly, Brown cannot state a claim for retaliation based on his refusal to comply with his payment plan.

Next, Brown challenges the district court's rejection of his due process claims. He asserts, first, that the district court erred in concluding that he was not entitled to due process in his hearing for the disciplinary charge. Relatedly, he asserts that the district court failed to acknowledge that he was denied due process when he did not receive a hearing before his spending was restricted under the IFRP. But he was entitled to due process only if the sanctions he faced deprived him of life, liberty, or property. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). He faced only a temporary restriction on spending and a temporary reassignment of housing quarters; neither rose to the level of a due process violation. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (prisoner's 30-day segregation does not trigger due process protections); *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (no protected interest in commissary privileges).

Finally, Brown complains that the district court erred by failing to address a claim he presented in an amended complaint—that Lirios assigned a third occupant to his cell, presumably in violation of the Eighth Amendment. But Brown never served this amended complaint on the defendants or filed it in the district court. He apparently filed it in the state court, but did not submit it to the federal court until he filed his notice of appeal. By not filing his amended complaint in the district court or notifying the defendants of its existence, Brown waived any issue raised in the amended complaint. *See Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 652 (7th Cir. 2007).

Accordingly, we AFFIRM the judgment of the district court.