**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4062**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO DONTE SMITH,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:13-cr-00011-FDW-DCK-1)

———————

Submitted: January 27, 2016      Decided: February 1, 2016

———————

Before KING, WYNN, and THACKER, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

———————

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Arden, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Antonio Donte Smith of Hobbs Act robbery (Count 1), in violation of 18 U.S.C. § 1951 (2012); brandishing a firearm during a crime of violence (Count 2), in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012); and possession of a firearm by a felon (Count 3), in violation of 18 U.S.C. § 922(g)(1) (2012). At the first sentencing hearing, the district court concluded that Smith did not qualify as an armed career criminal, see 18 U.S.C. § 924(e) (2012), and sentenced him to concurrent 63-month terms of imprisonment on Counts 1 and 3 plus a consecutive 84-month term of imprisonment on Count 2, for a total sentence of 147 months' imprisonment. Before the district court entered a written judgment, the Government moved for reconsideration of the sentence under Fed. R. Crim. P. 35(a). Seventy days after the original sentencing hearing, the district court conducted a second hearing, classified Smith as an armed career criminal, and sentenced him to concurrent 188-month terms of imprisonment on Counts 1 and 3 plus a consecutive 84-month term of imprisonment on Count 2, for a total sentence of 272 months' imprisonment.

On appeal, Smith argues that the district court plainly erred when it resentenced him as an armed career criminal in

2

January 2015.[1]  The Government concedes that the district court lacked jurisdiction to rule on its motion at the time of that ruling.

The Federal Rules of Criminal Procedure "provide[] sentencing courts with a narrow window of [14] days within which to correct arithmetical, technical, or other clear error."[2] United States v. Shank, 395 F.3d 466, 468 (4th Cir. 2005) (internal quotation marks omitted); see Fed. R. Crim. P. 35(a). For purposes of this rule, "'sentencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). "Rule 35(a)[] establishes a [14]-day jurisdictional limit." Shank, 395 F.3d at 470.  If the district court does not rule on the motion within the relevant time period, the motion is "effectively denied." Id.

We conclude that the district court lacked jurisdiction to rule on the Rule 35(a) motion and resentence Smith at the time of the second sentencing hearing.  When the district court lacked jurisdiction to impose a different sentence, the

---

[1] Smith asserted additional arguments regarding his convictions in his opening brief, but he explicitly abandoned those issues in his reply brief.

[2] At the time of the Shank decision, the rule provided seven days for the district court to act. See Fed. R. Crim. P. 35(c) (2004).  The rule was amended in 2009 to extend the time to 14 days. See Fed. R. Crim. P. 35 advisory committee's note on 2009 amendments.

appropriate remedy is to vacate the sentence and remand with instructions to reinstate the original sentence. <u>United States v. Schafer</u>, 726 F.2d 155, 158 (4th Cir. 1984) ("The trial judge was without jurisdiction to reduce Schafer's sentence [under former Rule 35(b)]. We, therefore, hold that reinstatement of the original sentence is an appropriate remedy."); <u>cf.</u> <u>United States v. Jones</u>, 238 F.3d 271, 273 (4th Cir. 2001) ("[W]e conclude that the district court lacked authority to amend Jones' criminal judgment . . . . We therefore vacate the order of the district court amending Jones' sentence and remand with instructions to reinstate the original sentence.").

Accordingly, we vacate the district court's judgment as to Smith's sentence and remand with instructions to impose the sentence announced at the October 29, 2014, sentencing hearing. We affirm Smith's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED IN PART;</u>
<u>AND REMANDED</u>
<u>WITH INSTRUCTIONS</u>