FILED
United States Court of Appeals
Tenth Circuit

November 4, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STANLEY L. O'BANION,

    Petitioner - Appellant,

v.

ANDRE MATEVOUSIAN, Warden,
U.S.P. ADX-MAX,

    Respondent - Appellee.

No. 19-1471
(D.C. No. 1:19-CV-02868-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Appellant Stanley Leon O'Banion, appearing pro se, appeals from the denial of

his 28 U.S.C. § 2241 petition.[1] Exercising jurisdiction under 28 U.S.C. §§ 1291 and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] A federal prisoner need not obtain a certificate of appealability to appeal a final order in a § 2241 proceeding. _See McIntosh v. U.S. Parole Comm'n_, 115 F.3d 809, 810 n.1 (10th Cir. 1997) (citing _Bradshaw v. Story_, 86 F.3d 164, 165–66 (10th Cir. 1996)).

2253, we affirm the judgment of the district court. We grant his motion to proceed *in forma pauperis*.

## BACKGROUND

O'Banion is in the custody of the Federal Bureau of Prisons in Florence, Colorado. According to O'Banion, in early June 2018, his case manager directed him to sign up for an Inmate Financial Responsibility Plan (IFRP) to assist in repayment of his court-ordered restitution. But O'Banion maintains that his case manager had previously told him that, because he had received no money since January 2018, he was not saving enough money to be placed on an IFRP. O'Banion complains that his case manager refused to address his concerns, instead saying, "Either you agree or all your incoming money will be taken." R. at 6. Ultimately, O'Banion says, he did not participate in an IFRP and prison officials placed him on "refuse" status and limited his monthly commissary spending from the usual $25 to $16.25.

About a month later, the Warden encumbered O'Banion's trust account "to prevent depletion." R. at 7. O'Banion protested that the encumbrance required at least an allegation that he had intentionally depleted his account to avoid payment. He believed that the Warden's accusation that he had intentionally depleted his account would affect his parole, custody level, available programs, and transfer. O'Banion also claimed that the Warden had kept him from being able to use the telephone. In October 2019, O'Banion filed a § 2241 petition, bringing two claims for relief. In his first claim, O'Banion argues that by taking these actions the Warden violated his due-process rights and unlawfully interfered with the execution of his

2

sentence. Among other things, in his § 2241 petition O'Banion requested that the court order removal of the encumbrance and allow him to use the telephone. In his second claim, O'Banion argues that the Warden's actions violated Bureau of Prisons regulations by "adversely affecting the confidence of the public in the integrity of the United States Government[,]" R. at 8 (citing 5 C.F.R. § 2635.101), by reducing O'Banion's commissary spending below the $25 limit prescribed by 28 C.F.R.§ 545.11(d)(6) (2018), and by encumbering O'Banion's trust account—a penalty that IFRP regulation 28 C.F.R.§ 545.11 does not provide for. O'Banion alleges that the Warden did this to harm him.

The district court referred O'Banion's petition to a magistrate judge for a recommendation. The magistrate judge first determined that O'Banion could at least proceed under § 2241 because he was challenging the execution of his court-ordered restitution under the IFRP process. The magistrate judge recommended denying the due process claim on grounds that the IFRP is constitutionally sound and the Warden had complied with its requirements in denying O'Banion his desired benefits. The magistrate judge also recommended denying O'Banion's second claim, which the magistrate judge characterized as an Administrative Procedure Act claim—because O'Banion "does not identify any statute authorizing review of his challenges to implementation of the IFRP under the APA." R. at 30.

O'Banion objected to the magistrate judge's recommendation, arguing that the magistrate judge had misunderstood his arguments. For instance, he disputed that he had challenged the IFRP's constitutionality, because he had argued that the

3

encumbrance—which is outside the IFRP's regulations—led to the sanctions, not his IFRP "refuse" status. The district court reviewed de novo the magistrate judge's recommendation, concluded it was correct, and ordered the petition denied and the action dismissed.

## DISCUSSION

We review de novo the district court's denial of O'Banion's § 2241 petition. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Because O'Banion appears pro se, we liberally construe his pleadings but stop short at serving as his advocate. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). As we understand it, O'Banion brings two claims for habeas relief: First, he asserts that the Warden violated his Fifth Amendment due-process rights by encumbering his trust account. He asserts that the Warden's actions have imposed several sanctions against him (no telephone use, no credit for control-unit time, and less ability for program participation) and requests that we order these sanctions removed and "stop the unlawful weaponization of the encumbrance at the ADX by Wardens." Appellant's Br. at 7. Second, he argues that the Warden has acted contrary to agency regulations in violation of the Administrative Procedure Act.

### Due Process Claims

Review of the first claim for relief is somewhat complicated by the manner in which O'Banion presents it. On one hand, O'Banion concedes the IFRP regulations and the sanctions they permit are constitutional. Indeed, he repeatedly argues that the magistrate and district court misconstrued his claim by interpreting it as an attack on

4

the constitutionality of the IFRP. At the same time, though, O'Banion *does* appear to challenge the constitutionality of the IFRP as applied to him—arguing, for example, that his Fifth Amendment rights were violated because he was sanctioned under the program without a court order.

Notwithstanding his disclaimers, to the extent that O'Banion is in fact raising a constitutional challenge to the IFRP that is cognizable within a habeas action, we affirm the dismissal of the claim for the reasons set forth in the magistrate's recommendation. The IFRP "has been implemented in other circuits . . . and has withstood constitutional challenge." *United States v. Williams*, 996 F.2d 231, 234 (10th Cir. 1993) (internal citations omitted); *see also McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) ("The IFRP has been uniformly upheld against constitutional attack."). Prison regulations, such as 5 C.F.R. § 545.11 itself, do not implicate a constitutionally protected liberty interest unless they "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connner*, 515 U.S. 472, 484 (1995); *see also Driggers v. Cruz*, 740 F.3d 333, 338–39 (5th Cir. 2014) (concluding conditions under IFRP do not implicate protected liberty interest.) Here, O'Banion cites no authority suggesting a constitutionally protected interest is implicated by any of the restrictions he now challenges.

To the extent O'Banion argues that the Warden's actions were taken outside the IFRP altogether, his claims would fall outside the scope of habeas jurisdiction under § 2241 because they would concern conditions of his confinement rather than

5

the execution of his sentence. *See McIntosh*, *v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) ("[A]lthough a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters, this does not make § 2241 actions like 'condition of confinement' lawsuits, which are brought under civil rights laws." (internal citation omitted)). We note that the district court did not interpret O'Banion's claims as conditions-of-confinement claims and therefore did not analyze them under the statutory and legal rubric applicable to such claims, and we decline to do so on appeal.

*Administrative Procedure Act*

In connection with his second claim for relief, O'Banion seeks review under the APA and argues the actions taken by the Warden violate BOP regulations. On recommendation of the magistrate judge, the district court dismissed this claim because the APA does not authorize review of this kind. Actions subject to judicial review under the APA include "[a]gency action[s] made reviewable by statute and final agency action[s] for which there is no other adequate remedy in a court." 5 U.S.C. § 704. O'Banion does not identify any statute authorizing review of the actions taken by the BOP in this context, and we agree with the magistrate and district court that habeas actions under 28 U.S.C. § 2241 (such as the one he brought) provide an adequate remedy to review alleged abuses of the IFRP. The district court therefore correctly dismissed O'Banion's APA claim.

6

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the district court. Petitioner's motion to proceed in forma pauperis is granted.

Entered for the Court


Gregory A. Phillips
Circuit Judge