UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7592

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOUGLAS WALTER CHILDS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-95-20)

Submitted: February 23, 2005          Decided: March 16, 2005

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Vacated and remanded with instructions by unpublished per curiam opinion.

Douglas Walter Childs, Appellant Pro Se. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Jerry Wayne Miller, Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Douglas Walter Childs appeals the district court's order construing his motion for a temporary restraining order, injunction, and show cause order as a successive 28 U.S.C. § 2255 (2000) motion and dismissing the motion as successive. We vacate the district court's order and remand for further proceedings as set forth below.

Childs pleaded guilty to kidnapping. In addition to imposing a 290-month sentence, the district court ordered Childs to pay restitution of $44,347.20. Although the criminal judgment did not specifically delegate authority to the Bureau of Prisons (BOP) to set the amount and timing of payments, the district court did not set a payment schedule and it appears that the BOP has been determining the installment payments.

In his motion, Childs asserted that the district court had improperly delegated its authority to set the amount and timing of his restitution payments to the BOP in violation of United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996), and United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). On appeal, he explains that he wants collection to be deferred until his release from prison.

We find that Childs' motion only challenges the implementation of the restitution portion of his sentence. Because he does not seek to be released from custody, we construe his

- 2 -

motion as a petition for habeas corpus relief arising under 28 U.S.C. § 2241 (2000). See Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases holding that a § 2255 motion may not be used for challenging fines or restitution orders); cf. United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (holding that a claim for jail time credits should be brought under § 2241).

A § 2241 petition must be brought in the district in which petitioner is incarcerated, see In re Jones, 226 F.3d 328, 332 (4th Cir. 2000), and Childs is presently incarcerated in Atlanta, Georgia. Accordingly, we vacate the district court's order and remand for the district court to determine whether transferring Childs' § 2241 petition to the proper federal district court would serve the interests of justice, see 28 U.S.C. § 1631 (2000), or whether the action is more appropriately dismissed without prejudice to allow Childs to file his action in the appropriate district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
WITH INSTRUCTIONS