**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7489

JERRY CRAIG COLEMAN,

Petitioner - Appellant,

versus

JOE BROOKS,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (CA-03-1004)

Submitted:  April 29, 2005                    Decided:  May 24, 2005

Before LUTTIG and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jerry Craig Coleman, Appellant Pro Se.  Anita Claire Snyder, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerry Craig Coleman appeals the district court's order construing his 28 U.S.C. § 2241 (2000) motion as a 28 U.S.C. § 2255 (2000) motion and dismissing the motion as successive. We affirm with modifications.

Coleman was convicted of armed bank robbery and use of a firearm during a crime of violence in federal district court in Oklahoma. He was sentenced to 322 months in prison and was ordered to pay restitution in full immediately in the amount of $5528. His conviction and sentence were affirmed by the Tenth Circuit. Coleman subsequently filed two § 2255 motions in the Tenth Circuit, both of which were denied. Coleman then filed a motion in a federal district court in Oklahoma for remission of the restitution imposed at sentencing, which was construed as a § 2255 motion and denied. Coleman next filed a motion labeled as filed under 28 U.S.C. § 2241 (2000) in the Eastern District of Virginia, which the court construed as a successive § 2255 motion and dismissed.[*]

In his motion, Coleman raised five claims: (1) that he is actually innocent; (2) the evidence at trial was insufficient to satisfy the "use" standard in § 924(c); (3) his sentence was improperly enhanced; (4) the order of restitution was improper; and (5) the BOP is improperly executing his order of restitution. We find that claims (1)-(4) attack the legality of Coleman's

_____

[*]Coleman is incarcerated in Virginia.

- 2 -

conviction and subsequent sentence. Because these claims do not meet the standard set out in In re Jones, 226 F.3d 328, 333 (4th Cir. 2000), we affirm the district court's decision to construe claims (1)-(4) as brought pursuant to § 2255. See United States v. Glass, 317 F.2d 200, 203 (4th Cir. 1963) (finding court has discretion to reclassify an improperly labeled pleading). Further, under § 2255, this court lacks jurisdiction to grant authorization to file a successive petition. Such a request must be made in the jurisdiction that imposed the sentence at issue.

Coleman's fifth claim, that the BOP is improperly executing his order of restitution, requires a separate analysis. In his motion, Coleman asserts that the district court had improperly delegated its authority to set the amount and timing of his restitution payments to the BOP in violation of United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). Because this claim does not challenge the legality of Coleman's conviction or sentence, we find that it was properly brought as a petition for habeas corpus relief arising under 28 U.S.C. § 2241 (2000). See Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases holding that a § 2255 motion may not be used for challenging fines or restitution orders).

However, we further find that Coleman's claim fails on the merits. Participation in the Inmate Financial Responsibility Program ("IFRP") does not establish a violation of Miller. "The

- 3 -

immediate payment directive is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately."  Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (internal quotation marks omitted) (holding that "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine") (citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999), and Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir. 1998)).

The BOP therefore is properly using the IFRP as an avenue to collect Coleman's restitution, just as it would any other debt owed by him.  See McGhee, 166 F.3d at 886 ("Nothing barred the BOP from ensuring pursuant to the IFRP that [defendant] make good-faith progress toward satisfying his court-ordered obligations."); see also 28 C.F.R. § 545.11 (2004) (requiring inmates to make payments towards court-ordered obligations, including fines).  Therefore, although this claim was properly asserted under § 2241, and the district court erred in concluding otherwise, we affirm the district court's denial of relief because the claim is meritless. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -