**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6921**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEJUAN ANDERKO WATKINS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-02-106)

---

Submitted:  December 28, 2005       Decided:  January 19, 2006

---

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Dejuan Anderko Watkins, Appellant Pro Se.  Michael Gordon James, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dejuan Anderko Watkins appeals the district court's order denying his "Motion to Defer Fine Payments During Term of Supervised Release Instead of During Term of Imprisonment." Watkins contends the district court impermissibly delegated its authority to establish the payment terms of any unpaid fines as a condition of supervised release in violation of United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996) (holding that district court may not delegate its authority to set amount and timing of payments of restitution or fines to Bureau of Prisons ("BOP") or probation officer without retaining ultimate authority over such decisions).  We affirm.

Although Watkins' judgment refers any unpaid amount at the commencement of a term of supervised release to a payment schedule, no such schedule is delineated in the judgment.  Instead, it appears that the BOP has drafted a schedule under the Inmate Financial Responsibility Program ("IFRP") for Watkins to follow. Participation in the IFRP does not violate Miller.  See Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (holding that BOP has discretion to place inmate in  IFRP when sentencing court has ordered immediate payment of court-imposed fine) (citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999), and Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir. 1998)).  But see United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001) (holding

that district court improperly delegated payment schedule to BOP when it ordered restitution to be due immediately but intimated that BOP would collect restitution to maximum degree possible through its IFRP while defendant was incarcerated). Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>