**Donnell SUMMERSETT, # 09110–021, Petitioner,**

v.

**D.F. BAUCKNECHT, Warden, Respondent.**

**No. 607–803–PMD–WMC.**

United States District Court, D. South Carolina.

June 4, 2007.

---

Donnell Summersett, Salters, SC, pro se.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon *pro se* Petitioner Donnell Summersett's ("Summersett" or "Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Record contains a Report and Recommendation ("R & R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). In his R & R, the Magistrate Judge recommends dismissing Summersett's petition without prejudice and without issuance or service of process. A party may object, in writing, to a R & R within ten days after being served with a copy. 28 U.S.C. § 636(b)(1). Summersett filed timely objections to the R & R.

## BACKGROUND

Petitioner was convicted in the Southern District of Georgia on drug charges pursuant to 21 U.S.C. § 841. He was sentenced on October 8, 1996 to two concurrent life sentences. The sentencing court also imposed a twenty-five thousand dollar ($25,000) fine, due in full immediately. (R & R at 2.) Petitioner now brings this § 2241 action for writ of habeas corpus, challenging the Board of Prisons' ("BOP") right to collect this fine through the BOP's Inmate Financial Responsibility Program ("IFRP"). (Petition at 4–5.) Petitioner alleges that the his participation in the IFRP is involuntary and usurps the "core judicial functions" of an Article III court.

On these grounds, Petitioner argues that the BOP's preferred vehicle for collecting his criminal fine violates the rule announced in *United States v. Miller*, 77 F.3d 71 (4th Cir.1996). (Petition at 4–5.)

On April 6, 2007, after reviewing Petitioner's § 2241 action, Magistrate Judge William M. Catoe issued a R & R recommending that Summersett's § 2241 petition be dismissed without prejudice. Magistrate Judge Catoe stated that the BOP's IFRP merely offers Petitioner a voluntary program to "assist him in the mechanics of complying with the order of the sentencing court." (R & R at 5.) Accordingly, the Magistrate Judge found that the BOP's IFRP is not an unlawful delegation of authority as Summersett's petition claims, nor does it violate the holding in *Miller*. *(Id.)* For this reason, the Magistrate Judge found that the petition failed to state a cognizable claim and recommended that the matter be summarily dismissed.[1]

Petitioner has filed timely objections to the Magistrate Judge's recommendation.

## STANDARD OF REVIEW

### A. Review of Magistrate Judge's R & R

██ This court makes a *de novo* determination of any portion of a Magistrate Judge's R & R to which a specific objection is registered. The court may accept, reject, or modify, in whole or in part, the recommendations contained in the R & R. 28 U.S.C. § 636(b)(1). After a review of

---

1. The district court has broad authority to review prisoners' petitions and dismiss complaints that do not state cognizable claims pursuant to 28 U.S.C. § 1915A.

28 U.S.C. § 1915A provides,

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

the record, the R & R, and the Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R & R and fully incorporates it into this Order.

### B. 28 U.S.C. § 1915A—Failure to State a Claim

■ Dismissals under 28 U.S.C. § 1915A for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6). *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir.2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir.1999); *Davis v. District of Columbia*, 158 F.3d 1342, 1348 (D.C.Cir.1998). Under this well-known standard, the court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248 (4th Cir.2005); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). "Moreover, when such a dismissal involves a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir.1988).

### *ANALYSIS*

In his objections, Petitioner reasserts his claim that coerced participation in the BOP's IFRP violates the Eighth Amendment by allowing the district court to abdicate its core judicial function of sentencing. Petitioner asserts that the Magistrate Judge erred in finding that this unlawful delegation of judicial power does not violate the holding announced in *United States v. Miller*, 77 F.3d 71 (4th Cir.1996). In *Miller*, the Fourth Circuit acknowledged that a district court unlawfully abdicates a "core judicial function" when it allows the BOP to assess the amount of a criminal fine and set the timing of installment payments to satisfy that fine. *Id.* at 78. The *Miller* Court also stated that "responsibility for determining installment payments" rests exclusively with the district court. *Id.* Petitioner asserts that because the BOP is setting the *amount* and *timing* of the payment of the fine and/or restitution payments, the court has abdicated its core judicial function in violation of *Miller.* (Objections at 4.)

■ The court finds, however, that the holding in *Miller* does not stand for the proposition that a prisoner's participation in the BOP's IFRP program is an abdication of the court's "core judicial function." In accordance with 18 U.S.C. § 3572(d)(1), the sentencing court has already determined the amount and timing of the criminal fine Petitioner must pay; Petitioner has already been directed to pay a $25,000 fine due immediately. The sentencing court has never permitted, nor authorized, the BOP to determine installment payments or set the timing of those payments, nor did the court relinquish to the prison system or the IFRP ultimate authority to establish its own criminal fine. Instead, the sentencing court merely permits plaintiff to pay his criminal fine, due immediately, through the BOP's financial program. The court's decision is consistent with the Fourth Circuit's ruling in *Coleman v. Brooks*, 133 Fed.Appx. 51, 53 (4th Cir. 2005) (unpublished), which held that fines due immediately are to be paid to the greatest extent possible and as soon as possible. As such, allowing Petitioner to

participate in the IFRP is not an abdication of the sentencing court's core judicial functions; the IFRP simply allows the prisoner to satisfy payment of his criminal fine through a BOP program.

This court recently decided a case on nearly identical facts. *See Webb v. Hamidullah*, 2006 WL 1946441 (D.S.C. July 11, 2006). In *Webb*, after reviewing a petitioner's allegations that participation in an IFRP program violated *Miller*, the court ruled that such a program only "provides Petitioner a *means* to comply with the court directive and statutory requirement." *Id.* at * 1. *Webb* recognized that the IFRP is not a substitute for the "core judicial function" of the sentencing court with regards to establishing a criminal fine; rather, the IFRP program is only a vehicle for ensuring payment is made. Accordingly, the principles of law laid out in *Miller* were not implicated. *Id.*

Petitioner also objects to the Magistrate Judge's characterization of his participation in IFRP as "voluntary," noting that he is subject to adverse consequences for noncompliance. (Objections at 2–3.) Petitioner asserts that "any type of coercion on the par[t]y or any party to an agreement nullifies any such notion of voluntary participation." (Id. at 3.) The court notes, however, that the BOP retains discretion to place an inmate in IFRP in order to achieve compliance with the sentencing court's directives. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir.2002). Petitioner was convicted of his crime and has been assessed a criminal fine. Whether or not he participates in an IFRP program, he must still satisfy payment of that fine due immediately. The IFRP exists only as a means to achieve compliance with the court's directive. As such, the court finds that Petitioner's objection is without merit.

Because it is established that the district court does not abdicate its "core judicial function of sentencing" where a prisoner participates in the IFRP, the Magistrate Judge correctly found that Summersett's § 2241 petition does not state a cognizable claim. For this reason, the court adopts the Magistrate Judge's recommendation that this matter be dismissed pursuant to 28 U.S.C. § 1915A.

### CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Petitioner Donnell Summersett's petition for writ of habeas corpus is **DISMISSED** without prejudice and without issuance or service of process.

AND IT IS SO ORDERED.

### Report and Recommendation

WILLIAM M. CATOE, United States Magistrate Judge.

The petitioner, Donnell Summersett ("Petitioner"), proceeding *pro se*, brings this habeas action pursuant to 28 U.S.C. § 2241. Petitioner is presently confined at the Williamsburg Federal Correctional Institution in Salters, South Carolina, and files this action *in forma pauperis*. Petitioner challenges the authority of the Bureau of Prisons (BOP) to establish, through the Inmate Financial Responsibility Program (IFRP), the amount and timing of payments to collect criminal monetary penalties imposed by the United States District Court for the Southern District of Georgia (sentencing court) as part of Petitioner's criminal conviction.

### *Pro Se and In Forma Pauperis Review*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the Rules Governing Section 2254 Cases [1], the Anti–Terrorism and Effective

---

1. "The district court may apply any or all of these rules to a habeas corpus petition [including § 2241] not covered by Rule 1(a)." Rule 1, Rules Governing Section 2254 Cases.

Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nasim v. Warden, Maryland House of Correction,* 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983); *Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir.1979).

▪ Since Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Loe v. Armistead,* 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke,* 574 F.2d 1147 (4th 1978). Even under this less stringent standard, however, the *pro se* Petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services,* 901 F.2d 387 (4th Cir.1990).

### *Background*

Petitioner was convicted of drug charges in the Southern District of Georgia and sentenced on October 8, 1996 to two concurrent life sentences. The sentencing court also imposed a twenty-five thousand dollar ($25,000) fine, due in full immediately. The Schedule of Payments part of the criminal judgment also states:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All crimi-

nal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544 except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the Court, the probation officer, or the United States Attorney.

Exhibit 2 to Petition. Petitioner filed a grievance seeking an administrative remedy, and has followed the grievance process through a Central Office Administrative Remedy Appeal, at every level requesting BOP to cease collecting the fine through the IFRP program. In response to his Regional Administrative Remedy Appeal, the BOP explained to Petitioner that:

[Y]ou have a lawful court-imposed financial obligation with an outstanding balance. You agreed to execute a financial plan according to Program Statement 5380.08, *Inmate Financial Responsibility Program.* You may choose to change or discontinue the financial plan anytime by submitting a written request to your unit team. If you choose to withdraw from the established financial plan without proper justification, the effect from non-participation will be imposed according to agency policy.

Exhibit 4 to Petition. In response to Petitioner's Central Office Administrative Remedy Appeal, the BOP further elaborated:

The IFRP is a voluntary program, however, if you choose not to participate, you will be placed in IFRP REFUSE status and incur consequences. The consequences consist of the removal of privileges which are not guaranteed to the inmate by the U.S. Constitution (i.e.,

no outside work details, lowest housing status, no pay increases, etc.)

Thus, Petitioner's administrative remedy was denied on February 23, 2007.

## Discussion

■ A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is the correct avenue for challenging the manner in which a sentence is being executed. Petitioner's challenge to use of the IFRP to collect court-imposed fines concerns the execution of his sentence, and therefore is correctly framed as a habeas claim under § 2241. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir.2002); *United States v. Childs*, 126 Fed.Appx. 96 (4th Cir.2005) (unpublished) (challenge to implementation of criminal fines does not seek release from custody, thus arises under § 2241 not § 2255);[2] *Blaik v. United States*, 161 F.3d 1341, 1342–43 (11th Cir.1998) (collecting cases holding that a § 2255 motion may not be used for challenging fines or restitution orders).

Petitioner contends that under *United States v. Miller*, 77 F.3d 71 (4th Cir.1996), it is the non-delegable duty of the district court to set the timing and amount of payments to satisfy the court ordered fine, depriving BOP of the authority to do so using the IFRP.[3] Here, Petitioner was directed to pay a $25,000 fine due "immediately." The judgment allows the fine to be paid "through the Bureau of Prisons Inmate Financial Responsibility Program," but does not require participation in the IFRP, although full payment during Petitioner's "period of imprisonment" is required. Exhibit 2 to Petition.

■ The Fourth Circuit held in *Miller* that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." *Miller* at 78. However, directing payment due during Petitioner's imprisonment sets "the length of time over which scheduled payments will be made." 18 U.S.C. § 3572(d)(2). Further, the judgment in this case, unlike the judgment involved in *Miller*, does not affirmatively delegate the task of setting payment amounts to the BOP, but simply acknowledges that the fine *may* be paid through the BOP's financial program. The requirement to make payment "immediately" is generally interpreted to require payment to the extent possible, and to begin as soon as possible. *Coleman v. Brooks*, 133 Fed.Appx. 51, 53 (4th Cir. 2005) (unpublished).

The BOP, through the IFRP, provides Petitioner a means to comply with the court directive and statutory requirement to pay "immediately." The BOP is not executing the fine pursuant to an improper delegation of authority as presented in the Petition, as the IFRP is a voluntary program of the BOP which provides an avenue for collection of payments toward a monetary penalty imposed by court order. *See* 28 C.F.R. § 545.10–545.11 (2000). The BOP, through the IFRP, simply offers Petitioner a tool to assist him in the mechanics of complying with the order of the sentencing court. Participation in the IFRP does not establish a violation of the holding in *United States v. Miller*, 77 F.3d 71 (4th Cir.1996), as Petitioner claims. *United States v. Watkins*, 161 Fed.Appx. 337 (4th Cir.2006) (unpublished); *Coleman v. Brooks*, 133 Fed.Appx. 51, 53 (4th Cir.

---

**2.** 28 U.S.C. § 2255 is used to challenge the validity of the sentence itself.

**3.** Statutory authority to establish payments is found in 18 U.S.C. § 3572(d)(1), which states in relevant part, "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."

2005) (unpublished); *see also Matheny v. Morrison*, 307 F.3d at 712 (holding that BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court imposed fine) (*citing McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir.1999) and *Montano–Figueroa v. Crabtree*, 162 F.3d 548, 549–50 (9th Cir. 1998)). For the foregoing reasons, no relief is available to Petitioner from this Court.

### Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without service upon the respondents. See *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir.1996) (a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit). *Petitioner's attention is directed to the important notice on the next page.*